**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**CHARLES DAVIS, JR., : No. 3:08cv2105**
**Plaintiff :**
**: (Judge Munley)**
**v. :**
**:**
**SUNBURY POLICE DEPT., :**
**ET AL., :**
**Defendants :**

**MEMORANDUM**

Plaintiff Charles Davis, Jr. filed the instant *pro se* prisoner civil rights case on November 20, 2008. Along with the complaint, he filed a motion to proceed *in forma pauperis*. The court here provides the complaint with an initial screening.

**Legal Standard**

Under 28 U.S.C. § 1915(d), we are permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). We may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We undertake such an evaluation before service of the complaint.

We find that plaintiff's complaint is frivolous. First, we note that plaintiff has indicated that his suit is against federal officials and is filed under 28 U.S.C. § 1331. A review of the complaint, however, indicates that the defendants are state officials and the proper statute to proceed under is 42 U.S.C. § 1983, which provides a remedy for the deprivation of civil rights by state actors. We will thus treat the complaint as a section 1983 complaint. Plaintiffs' complaint is comprised of five (5) claims. We will

address each of his claims separately.

**I. Claim One**

In his first claim, plaintiff names as Defendants Police Officer Scott Hause of the Sunbury Police Department; Chad Riener, Sheriff, Northumberland County; District Magistrate Robert Bolten; Police Officer Christopher Brown, Sunbury Police Department; Chief Lockuff and Justin Harrington.

Plaintiff asserts that Defendant Hause is a police officer that he is accused of committing aggravated assault on. (Doc. 1, Complaint at 2). The claims against all of these defendants is quite unclear. He seems to complain that these officers arrived at his residence with a piece of paper from Judge Bolten's office informing him of a preliminary hearing. (Id.). This visit from the police evidently put plaintiff in fear of his life. (Id.). This factual recitation gives rise to no kind of constitutional claim against these defendants. Therefore, this claim will be dismissed as frivolous.

**II. Claim Two**

Plaintiff's second claim is against Pennsylvania State Trooper Ryan R. Maxwell; Vernon Petty, police officer with the Sunbury Police Department; John Henry Read, Chief Public Defender Snyder County; Pat Johnson, Public Defender; Snyder County District Magistrate Edward G. Mahalik, Jr. (Doc. 1, Complaint at 3)

Plaintiff asserts a claim for false arrest and false imprisonment against Maxwell. (Id.). In order to pursue these claims, plaintiff must first demonstrate, *inter alia*, that the criminal proceedings terminated in his favor. Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1988) (quoting Lee v. Mihalich, 847 F.2d 66, 70 (3d Cir. 1988)). These claims are frivolous as

plaintiff is evidently still incarcerated regarding these charges.

Plaintiff asserts a claim of "ineffective assistance of counsel" against his public defender. (Doc. 1, Complaint at 3). A public defender, however, cannot be sued for civil rights violations under section 1983 as they do not act "under color of state law." See Polk County v. Dodson, 454 U.S. 312, 325 (1981).

The final defendant in this claim, District Magistrate Edward Mahalik improperly issued an arrest warrant according to the plaintiff. (Doc. 1, Complaint at 3). As a judicial officer, however, Mahalik enjoys absolute judicial immunity from suit with regard to section 1983 when performing a judicial act such as approving a warrant. Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (explaining that judges are absolutely immune from liability for performing judicial acts). Therefore, this claim will also be dismissed as frivolous.

**III. Claim Three**

The third claim plaintiff brings is against the Warden of the Northumberland County Prison, John Conrad; and Robert Storch, Task Force Assistant Attorney in Albany, NY. (Doc. 1, Complaint at 4).

Plaintiff asserts that Conrad improperly incarcerated him in his prison on February 29, 2003. (Id.). The statute of limitations for this claim is two years. Lake v. Arnold, 232 F.3d 360, 368-69 (3d Cir. 2000). Therefore, this claim, which is based upon actions that occurred over five years ago is barred by statute of limitations. This claim will thus be dismissed.

Plaintiff claims that Storch purports to be the producer of songs that plaintiff asserts he co-wrote and produced with Beyonce, 50 Cent and G Unit. (Doc. 1, Complaint at 4). Plaintiff argues that if he had the money he

should have received for these songs he would not have been in Pennsylvania for the attempted murder and would not have been charged. (Id.). A private dispute over the rights of song royalties is not a proper basis for a civil rights suit, and this claim will be dismissed as frivolous.

**IV. Claim Four**

Plaintiff's fourth claim is against Ruth Rush, Warden of the Snyder County Prison and John Rosinski, Northumberland County Probation Officer. (Doc. 1, Complaint at 5). These claims are based upon false imprisonment. (Id.). As set forth in our discussion of Claim 2, in order to pursue these claims, plaintiff first must demonstrate, *inter alia*, that the criminal proceedings terminated in his favor. This he has not done and these claims will be dismissed as frivolous.

**V. Claim Five**

The plaintiff raises a fifth claim against the Honorable Harold Woelfel, president judge of the Middleburg Court House (Snyder County) and Charles Brown specially presiding Middleburg Courthouse (Snyder County); David Kurcheway, CEO Warren State Hospital and Dr. Pathak, psychiatrist. (Doc. 1, Complaint at 6).

The claims against the two judges will be dismissed. As set forth above, judges enjoy absolute judicial immunity. Plaintiff articulates no claims against Kurcheway and Pathak; therefore, the case against them will be dismissed as frivolous.

**Conclusion**

For the reasons set forth above, we find that the plaintiff's complaint

is frivolous, and it will be dismissed as such. An appropriate order follows.[1]

---

[1] We note that the relief plaintiff seeks, dismissal of his charges and release from prison, is not relief that is available in a section 1983 action.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES DAVIS, JR.,** **Plaintiff** | : | **No. 3:08cv2105** |
| **v.** | : | **(Judge Munley)** |
| **SUNBURY POLICE DEPT., ET AL.,** **Defendants** | : | |

## ORDER

_____**AND NOW**, to wit, this 15th day of December 2008, plaintiff's motion to proceed *in forma pauperis* is **GRANTED** for purposes of filing this complaint only. The case is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915(d). The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**